# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

| | |
|---|---|
| KEITH CONNELL, INC., | Case No.: 3:10-cv-00062-MPM-SAA |
| Plaintiff, | |
| vs. | |
| MID-SOUTH PRODUCE COMPANY OF JACKSON, INC., MID-SOUTH PRODUCE COMPANY, JUDITH H. WHITE aka JUDITH H. BOONE, WILLIAM E. WHITE, and LEE D. BOONE, | |
| Defendants. | |

## STIPULATION FOR JUDGMENT UNDER
## THE PERISHABLE AGRICULTURAL COMMODITIES ACT (7 U.S.C. §499e)

Plaintiff, Keith Connell, Inc. (□Keith Connell□), and Defendants, Mid-South Produce Company of Jackson, Inc. (□Mid-South Jackson□), Mid-South Produce Company (□Mid-South Grenada□), Judith H. White aka Judith H. Boone (□Judith White□),  William E. White, and Lee D. Boone, jointly submit the following Stipulation For Judgment Under The Perishable Agricultural Commodities Act (7 U.S.C. §499e).

Keith Connell, Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone are collectively referred to in this Agreement

as the ☐Parties.☐

## BACKGROUND

1.     Between April 29 and June 9, 2010, Keith Connell sold to Mid-South Jackson and Mid-South Grenada in interstate commerce, and Mid-South Jackson and Mid-South Grenada purchased from Keith Connell, Produce in the total amount of $409,978.97.

2.     On July 12, a complaint was filed by Keith Connell to enforce its rights under the trust provisions of Perishable Agricultural Commodities Act of 1930, as Amended, 7 U.S.C. §499e (☐PACA☐) against Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone with the U.S. District Court for the Northern District of Mississippi (the ☐Court☐), Case No. 3:10-cv-00062-MPM-SAA(the ☐Action☐).

3.     On July 12, 2010, an application for injunctive relief was filed by Keith Connell.

4.     On July 14, 2010, the Court issued a Temporary Restraining Order (☐TRO☐), which, among other things, required Mid-South Jackson and Mid-South Grenada to discontinue any further dissipation of PACA trust assets and other assets which may or may not be impressed with the PACA trust, pending a

hearing on Plaintiff's Motion for Preliminary Injunction and decision of the Court.

5.      Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone were served with the Complaint and Temporary Restraining Order on or about July 15, 2010.

6.      In order to avoid the cost, expense and time involved in litigating the various claims asserted by Keith Connell against Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone, Keith Connell has agreed to settle and compromise all claims asserted against Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone.

**IT IS HEREBY STIPULATED AND AGREED**, between the Parties as follows:

A.      The Parties stipulate that the Order for Judgment in the form attached as Exhibit □A□ shall be entered by the Court for the purpose of facilitating the recovery of PACA trust assets, and to resolve the instant action pursuant to a Settlement Agreement reached by the Parties.

B.      Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone stipulate that Keith Connell is a valid trust beneficiary

of Mid-South Jackson and Mid-South Grenada under Section 5(c) of the PACA, 7

U.S.C. §499e(c), in the aggregate amount of $409,978.97, inclusive of interest and

attorneys fees as of the date of this Stipulation, for Mid-South Jackson and Mid-

South Grenada violations of PACA by failing to maintain PACA trust assets and

pay Keith Connell promptly under 7 U.S.C. §§499b(4) and e(c)(2).

C.    The Parties stipulate that the Temporary Restraining Order entered

on July 14, 2010 is dissolved and rendered ineffective as to all Defendants.

D.    Keith Connell stipulates and agrees that upon recovery of all monies

under the Settlement Agreement executed contemporanreusly herewith with

Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and

Lee D. Boone, it shall file a Notice of Satisfaction of Judgment with the Court.

E.    By signing this Stipulation below, the undersigned represent and

warrant that they have all requisite authority to bind the party to the terms of

this Stipulation and Order.

F.    This Stipulation may be executed in any number of counterparts

with the same effect as if all signatories had signed the same document.   All

counterparts must be construed together to constitute one instrument.

G.    The Parties stipulate that this case shall be administratively closed

with the Court retaining complete jurisdiction to reopen this case and to enforce

the terms of this Stipulation and the Settlement Agreement upon application by either party.

H.    Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone stipulate and agree that they have been advised by Plaintiffs counsel to consult with an attorney regarding this Stipulation and the terms herein.  Mid-South Jackson, Mid-South Grenada, Judith H. White, William E. White, and Lee D. Boone expressly represent that they have sought such counsel or have made the conscious decision to forgo counsel and enter into this Agreement knowingly, freely and willingly.

**STIPULATED BY THE PARTIES:**

Respectfully submitted on July 21, 2010.

OF COUNSEL:
**MEUERS LAW FIRM, P.L.**
Katy Koestner Esquivel
*Florida Bar No. 0159484*
*Illinois Bar No. 6270092*
5395 Park Central Court
Naples, Florida  34109-5932
Telephone: (239) 513-9191
Facsimile:  (239) 513-9677
kesquivel@meuerslawfirm.com

**HARRIS JERNIGAN & GENO, PLLC**

_____/s/Melanie T. Vardaman____
Jeffrey K. Tyree
*Mississippi Bar No. 9049*
Melanie T. Vardaman
*Mississippi Bar No. 100392*
587 Highland Colony Parkway (39157)
Post Office Box 3380
Ridgeland, MS 39158-3380
Telephone: (601) 427-0048
Facsimile: (601) 427-0050
jktyree@hjglawfirm.com
mvardaman@hjglawfirm.com
*Counsel for Plaintiff Keith Connell, Inc.*

Dated July 25, 2010    **MID-SOUTH PRODUCE COMPANY OF JACKSON,** *Judith H. White*
**INC.**

*Mid-South Produce Co. of Jackson*

Print Name: _Mid-South Produce of Jackson_
Judith H. White

Title: _President_

Dated July 21, 2010    **MID-SOUTH PRODUCE COMPANY**

*Mid South Produce Co.  Judith H. White*

Print Name: _Mid-South Produce Co. Judith White_

Title: _President_

Dated July 21, 2010    **JUDITH H. WHITE**

_Judith H. White_

Dated July 21, 2010    **LEE D. BOONE**

_Lee D Boone_

Dated July 21, 2010    **WILLIAM E. WHITE**

_William E. White_

Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEITH CONNELL, INC.,

        Plaintiff,

    vs.

MID-SOUTH PRODUCE COMPANY
OF JACKSON, INC., MID-SOUTH
PRODUCE COMPANY, JUDITH H.
WHITE aka JUDITH H. BOONE,
WILLIAM E. WHITE, and LEE D.
BOONE,

        Defendants.

Case No.: 3:10-cv-00062-MPM-SAA

## ORDER ON STIPULATION FOR JUDGMENT UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT (7 U.S.C. §499e)

Presently before this Court is the Stipulation for Judgment under the Perishable Agricultural Commodities Act (7 U.S.C. §499e). After my review of the Stipulation, and being otherwise fully advised in the premises,

**IT IS ORDERED:**

A.    Keith Connell, Inc. is a valid trust beneficiary of Mid-South Produce Company of Jackson, Inc. (□Mid-South Jackson□), Mid-South Produce Company (□Mid-South Grenada□) in accordance with Section 5(c) of the Perishable Agricultural Commodities Act (□PACA□), 7 U.S.C. §499e(c), in the aggregate

amount of $409,978.97, inclusive of interest and attorneys fees as of the date of the Stipulation, for violation of PACA by failing to maintain PACA trust assets and pay Keith Connell, Inc. promptly under 7 U.S.C. §§499b(4) and e(c).

B.     The Temporary Restraining Order entered on July 14, 2010 is dissolved and rendered ineffective as to all Defendants.

C.     Judgment is hereby entered in favor of Keith Connell, Inc. and against Defendants, Mid-South Jackson, Mid-South Grenada, Judith H. White aka Judith H. Boone, William E. White, and Lee D. Boone, jointly and severally, in the amount of $409,978.97, inclusive of interest and attorneys fees as of the date of this Order.

D.     Post-judgment interest shall accrue on the above amount at the current post-judgment rate per annum pursuant to 28 U.S.C. §1961 from the date of the entry of this Judgment until paid in full.

E.     This case shall be administratively closed, with this Court retaining complete jurisdiction to reopen this case to enforce the terms of the Stipulation and the Settlement Agreement upon application by either party.

**IT IS SO ORDERED** in Chambers on July _____, 2010.

_____

Michael P. Mills
Chief Judge, United States District Court